IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GORDON CHARLES MYERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-4077-JAR |
| ) | |
| THE SUPREME COURT OF THE STATE ) | |
| OF KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER STAYING DISCOVERY

This matter comes before the court upon the motion of defendants the Supreme Court of the State of Kansas, the Court of Appeals of the State of Kansas, the Fourth Judicial District of Kansas, and Judge G. Joseph Pierron, Jr. (hereinafter the "State defendants") to stay discovery in this matter (Doc. 12). The State defendants have filed a memorandum in support of their motion (Doc. 13) and seek to have the court stay discovery in this matter pending a ruling by the trial judge on their motion to dismiss (Doc. 10). Pursuant to D. Kan. Rule 6.1, any response in opposition to the instant motion was due from plaintiff on or before November 18, 2005.[1] To date, no such response has been filed. Pursuant to D. Kan. Rule 7.4, the court

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[2]

The court does not ordinarily favor staying discovery pending resolution of dispositive motions because of the delay such a stay may occasion in obtaining a timely resolution of the matter. However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided. . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful."[3]

At this time, the State defendants have filed a motion to dismiss (Doc. 10) raising issues of Eleventh Amendment immunity and absolute judicial immunity, the *Rooker-Feldman* Doctrine, and failure to state a claim. The remaining defendants in the case, the City of New Strawn, Kansas, Stephen J. Smith, Mark A. Peterson, and Douglas P. Witteman (hereinafter the "Local defendants"), have responded to plaintiffs' complaint by filing a motion for judgment on the pleadings (Doc. 24) raising issues of lack of subject matter jurisdiction, the *Rooker-Feldman* Doctrine, failure to state a claim, *res judicata*, and failure to comply with K.S.A. §

---

[2] D. Kan. Rule 7.4 provides in relevant part:

The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

[3] *Wolf v. United States*, 157 F.R.D. 494, 494-95 (D. Kan. 1994).

12-105b.   Additionally, the court has not yet entered an order directing the parties to confer and formulate a plan for completion of discovery pursuant to Fed. R. Civ. P. 26(f).

There is a potential for rulings on the pending motions to dismiss and for judgment on the pleadings to be completely dispositive of the case, to eliminate one or more defendants from the action, or to narrow the issues remaining for discovery.  Moreover, after review of the pending motions to dismiss and for judgment on the pleadings, it does not appear to the court that facts sought by any discovery would impact the briefing or resolution of these motions.  Accordingly, by imposing a stay on discovery now, before discovery activities have truly begun, the court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motions.

Therefore, the court finds that a stay of discovery would not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate in this instance.  Because the instant motion has not been timely opposed and the court finds merit in the relief requested, the court will grant defendants' motion and grant a stay of discovery in this case, with the modification that the stay imposed will extend until the trial judge has ruled upon both the State defendants' motion to dismiss (Doc. 10) and the Local defendants' motion for judgment on the pleadings (Doc. 24).

**IT IS THEREFORE ORDERED** that defendants motion to stay (Doc. 12) is hereby granted.

**IT IS FURTHER ORDERED** that discovery in this case is hereby **STAYED** pending a ruling by the trial judge on the pending motion to dismiss (Doc. 10) and motion for judgment on the pleadings (Doc. 24). **This stay applies only to discovery activities and does not in any way apply to or affect the deadlines for the parties to brief the motions to dismiss (Doc. 10) and for judgment on the pleadings (Doc. 24), currently pending before U.S. District Judge Julie A. Robinson.**

**IT IS SO ORDERED.**

Dated this 13th day of December, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge