lml

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

GORDON CHARLES MYERS and
GLENNA JOAN MYERS,                                     )
                          Plaintiffs,                    )
                                             )
vs.                                                                    )
                                             )     Case No. 05-4077-JAR
THE SUPREME COURT OF THE STATE                  )
OF KANSAS, et al.,                                              )
                                             )
                          Defendants.                  )
_____)

**MEMORANDUM ORDER AND OPINION
GRANTING DEFENDANTS' MOTION TO DISMISS
AND FOR JUDGMENT ON THE PLEADINGS**

      Plaintiffs Gordon and Glenna Meyers, proceeding pro se, bring this action against the

following defendants: the Supreme Court of the State of Kansas, the Court of Appeals of the

State of Kansas, the Fourth Judicial District of the State of Kansas, Coffey County and Kansas

Court of Appeals Judge G. Joseph Pierron (collectively "the Court defendants"); and City of

New Strawn, Kansas, Stephen J. Smith, Mark Petterson, and Douglas P. Witteman (collectively

"the City defendants").  The Court defendants have moved to dismiss the plaintiffs' action (Doc.

10), arguing that the Court lacks subject matter jurisdiction and, alternatively, that plaintiffs have

failed to state a claim upon which relief can be granted.  The City defendants have filed a Motion

for Judgment on the Pleadings (Doc. 24), raising similar issues.  Plaintiffs responded to

defendants' motions and have also filed a Motion for Restraining Order (Doc. 19), in which they

seek to strike all references to Kansas Statutes in defendants' responses, as well as a Motion for

1

Temporary Restraining Order (Doc. 30), seeking relief from a "special assessment" of $1,750 attached to their property tax by the City. For the reasons set forth in detail below, the Court grants defendants' motions and dismisses the case.

**I.    Plaintiffs' Complaint**

Because plaintiffs appear pro se, the Court must remain mindful of additional considerations. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[1] Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[2] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[3] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[5]

With these standards in mind, the Court summarizes plaintiffs' Complaint as follows. Plaintiffs' allegations stem from an unsuccessful appeal of an action the City of New Strawn

---

[1]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

[2]*Id.*

[3]*Id.*

[4]*Drake v. City of Fort. Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5]*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

("the City") successfully litigated against plaintiffs.  Plaintiffs constructed a tree house in

violation of City ordinance.  The City filed suit requesting injunctive relief, which was granted.

The tree house was removed from plaintiffs' property, and the City assessed a charge for the

removal.  Plaintiffs' appeal to the Kansas Court of Appeals, Case No. 90747, was dismissed in

an Order dated April 30, 2004, after Judge Pierron denied plaintiffs' motion to correct the

transcript and plaintiffs subsequently failed to timely file their brief.   Plaintiffs contend that their

federal civil and criminal rights were violated, as well as assert state law claims against the

defendants.

Plaintiffs allege that the appellate court violated its mandate to examine the lower court's

record by denying their request to correct the transcripts and then sought to force plaintiffs to file

a brief based on falsified transcripts.  Plaintiffs further allege that Judge Pierron falsified the

appellate record.

Stephen Smith represented the City in the appellate proceedings.  Plaintiffs allege that

Smith did not come to the appellate court with "clean hands" as his firm was involved in the

allegedly sham incorporation of the City of New Strawn.

Mark Petterson is the mayor of the City.  Plaintiffs allege Petterson criminally conspired

with others to convert plaintiffs' personal property under color of law.  Plaintiffs allege Petterson

deprived them of their rights under color of law by "forbidding vigilante action."

Douglas Witteman is the Coffey County Attorney.  There are no specific allegations

against Witteman in plaintiffs' complaint.

Plaintiffs seek monetary damages against defendants for violation of their due process

rights, malicious prosecution, slander and conversion, as well as several criminal statutes,

including perjury, conspiracy, false certification or omission of notes, making a false writing, and tampering with a public record.

## II.    Standards Governing Motions

### Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction."[6]  This court's jurisdiction is established by the Constitution and acts of Congress.[7]  There are two statutory bases for federal subject matter jurisdiction.  First, under 28 U.S.C. § 1332,  federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist.  Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction.  In addition, if the court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[8]

Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction.[9]  A court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent."[10] When a defendant brings a Rule 12(b)(1) motion to dismiss for lack of subject matter

---

[6]*Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).

[7]*See United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[8]28 U.S.C. § 1367.

[9]*Penteco Corp. Ltd. P'ship 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[10]*Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

jurisdiction, the plaintiff must carry the burden of proving jurisdiction.[11]

### Rule 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[12]  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[13]  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[14]

On a Rule 12 (b)(6) motion, the court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[15]  The court construes the allegations in the light most favorable to the plaintiff.[16] These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[17]  "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[18]  Dismissal is a harsh remedy

---

[11]*Mounkes v. Conklin*, 922 F. Supp. 1501, 1505 (D. Kan. 1996).

[12]Fed. R. Civ. P. 12(b)(6).

[13]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[14]*Mounkes*, 922 F.Supp. at 1506 (quotation omitted).

[15]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[16]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon,* 935 F.2d at 1109.

[17]*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[18]*Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[19]

The Court finds it is appropriate to consider the Kansas Court of Appeals order of dismissal attached to the Court defendants' motion to dismiss and the District Court order attached to the City defendant's motion for judgment on the pleadings.  It is accepted practice that, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."[20] "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."[21]  These orders are the same orders that plaintiffs have specifically referenced in their Complaint and they are central to their claims.

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."[22]

### Rule 12(c)

---

[19]*Id.*

[20]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, . . . the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." (citation omitted))

[21]*See GFF*, 130 F.3d at 1385.

[22]*Mounkes*, 922 F. Supp. at 1506 (citation omitted).

6

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[23]

## III.    Analysis

### A.    Federal Cause of Action

Plaintiffs are residents of the State of Kansas and do not allege diversity jurisdiction. Plaintiffs' attempt to plead a cause of action directly under the United States Constitution fails, as there is no cause of action directly under the Constitution against state and local officials.[24] Moreover, plaintiffs' attempt to state a cause of action under a variety of federal criminal statutes also fails, as bare criminal statutes provide no civil cause of action.[25] Nevertheless, although plaintiffs specifically state that they do not assert a claim under 42 U.S.C. § 1983, the Court will construe their claim as such, as their Complaint alleges that certain defendants acted under the color of law.[26]

Section 1983 does not create substantive rights.  Rather, it provides a recovery

---

[23]*Four B Corp. v. Daicel Chem. Indus., Ltd.*, 253 F. Supp. 2d 1147, 1149 (D. Kan. 2003) (citation omitted).

[24]*See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993).

[25]*See Scherer v. United States*, 241 F. Supp. 2d 1270, 1285 (D. Kan. 2003).

[26]42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

mechanism for deprivation of a federal right.[27]  To establish a cause of action under § 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law.

### B.     Claims Against Court Defendants

***Eleventh Amendment Immunity***

 Eleventh Amendment immunity provides protection for state governmental entities sued in federal court for damages unless the state waives its immunity.[28]  The standards governing the Eleventh Amendment immunity are also applicable where violations of the Fourteenth Amendment are alleged.[29]  While this immunity can be waived, the State of Kansas has not done so in this case, nor has this immunity been abrogated for any cause of action that plaintiff has alleged under the facts of this case.[30]  The Kansas Legislature, by enacting the Kansas Tort Claims Act, K.S.A. § 76-6101 *et seq.,* has not waived the state's Eleventh Amendment immunity from suit in federal court.[31]  It is also well-established that § 1983 does not abrogate a state's Eleventh Amendment immunity.[32]

Eleventh Amendment immunity applies regardless of the nature of the relief sought:

---

[27]*Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[28]*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985); *Ramirez v. Oklahoma Dept. of Mental Health,* 41 F.3d 584, 588 (10th Cir. 1994).

[29]*See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996).

[30]*See Baker v. Bd. of Regents of the State of Kansas*, 721 F. Supp. 270, 274 (D. Kan. 1989) (lawsuits under 42 U.S.C. §§ 1981 and 1983 are not exempt from the Eleventh Amendment bar).

[31]*Ndefru v. Kansas State University*, 814 F. Supp. 54, 55 (D. Kan. 1993).

[32]*See Quern v. Jordan*, 440 U.S. 332, 341 (1979).

declaratory, injunctive or monetary damages.[33]  Accordingly, this Court lacks jurisdiction over plaintiffs' claims against defendants the Supreme Court of the State of Kansas, the Court of Appeals of the State of Kansas, and the Fourth Judicial District of Kansas.[34]

### Judicial Immunity

Judge Pierron is the Kansas Court of Appeals Judge who denied plaintiffs' request to correct their deposition and dismissed plaintiffs' appeal for failure to timely file their brief.  The official capacity claims against Judge Pierron are also barred by the Eleventh Amendment.  As a judge on the Kansas Court of Appeals, Judge Pierron is a State official, whose office was created by the Kansas Constitution Article 3 § 1.[35]

Moreover, this action must be dismissed against Judge Pierron because he is endowed with absolute judicial immunity from civil damage liability for acts performed in his judicial capacity.[36]  A judge is entitled to immunity even if the judge acted with partiality, maliciously, or corruptly.[37]  Because Judge Pierron's dismissal of the plaintiffs' appeal was a normal judicial action, and plaintiffs' sole interaction with Judge Pierron was in his judicial capacity, his actions

---

[33]*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984).

[34]Moreover, to the extent the Court construes plaintiffs' cause of action as one under § 1983, states, state agencies and state officials sued officially are not "persons" subject to suit under § 1983, and the Court defendants must be dismissed on these alternative grounds as well.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

[35]*See* K.S.A. § 20-3001.

[36]See *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (affirming dismissal of a pro se action against state judges based upon judicial immunity, citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *DeYoung v. State of Kansas*, 890 F. Supp. 949, 953 (D. Kan.  1995), *aff'd*, 69 F.3d 547 (10th Cir. 1995), *cert. denied*, 517 U.S. 1236 (1996) (dismissing pro se complaint against district court judge based upon judicial immunity).

[37]*Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985).

are cloaked with absolute judicial immunity.[38]

### C.   Claims Against City Defendants

### 1.   City of New Strawn

Plaintiffs assert that the City violated their constitutional rights by denying them due process of law.  As to plaintiffs' claims, the City can be liable under § 1983 if an official custom or policy caused a violation of plaintiffs' constitutional rights[39] or an individual with final policymaking authority violated plaintiffs' constitutional rights.[40]  Plaintiffs do not allege any facts or allegations in their Complaint that could support such a claim against the City, and the claim is dismissed under Rule 12(b)(6).

### 2.   Defendants Smith, Petterson and Witteman

#### *Stephen Smith*

Stephen Smith, an attorney with the firm of Coombs, Hull & Smith, L.L.C. in Burlington, Kansas, is sued in his individual capacity.  The only proper defendants in a § 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it.[41]  It is plaintiffs' burden to plead, and ultimately establish, the existence of a nexus between the defendant's conduct and the defendant's "badge" of state authority in order

---

[38]*Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

[39]*See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[40]*See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-84 (1986) (holding that single decision by official responsible for establishing final policy may give rise to municipal liability); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189 (10th Cir. 2003); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992) (same), *cert. denied*, 508 U.S. 952 (1993).

[41]*Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).

to demonstrate action was taken "under color of state law."[42]  Plaintiffs' Complaint contains no factual allegations that Smith was acting under authority of State law.  Because Smith is not a state official or person acting under the color of state law subject to suit under § 1983, plaintiffs' claim is dismissed under Rule 12(b)(6).[43]

### Mark Petterson

Mark Petterson, the mayor of the City, appears to be sued in his official capacity.  A § 1983 suit against a municipality "and a suit against a municipal official acting in his or her official capacity are the same."[44]  A plaintiff suing a local government under § 1983 for the acts of one of its employees must prove (1) that a local government employee committed a constitutional violation, and (2) that a government policy or custom was the moving force behind the constitutional deprivation.[45]  Plaintiffs allege that Petterson conspired with others to convert plaintiffs' personal property under color of law.  Assuming, *arguendo*, that plaintiffs have established that Petterson committed a constitutional violation, the Court holds that plaintiffs have not alleged any claim with regard to the second element to withstand a motion to dismiss. Plaintiffs make no allegations whatsoever that a City policy or custom was the moving force behind the alleged constitutional deprivation.  Plaintiffs' Complaint against defendant Petterson

---

[42]*Id.* at 494.

[43]To the extent plaintiffs assert a claim against Smith in some type of official capacity as counsel for the City, plaintiffs have also failed to state a claim.  Assuming, *arguendo*, that plaintiffs have established that Smith committed a constitutional violation, plaintiffs have not alleged that any City policy or custom was the moving force behind the alleged constitutional deprivation.  *Myers v. Okla. Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

[44]*Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[45]*Myers v. Okla. Bd. of County Comm'rs*, 151 F. 3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

in his official capacity is devoid of any such allegations, and must be dismissed.[46]

### *Douglas Witteman*

Defendant Douglas Witteman is sued in his official capacity as Coffey County Attorney. Other than to state his name and official office, plaintiffs' Complaint is devoid of any mention of defendant Witteman, who does not appear to have been involved in the prior state court litigation.  By not describing any conduct or constitutional violation by defendant Witteman, the complaint should be dismissed under Rule 12(b)(6).  Moreover, as County Attorney for Coffey County, defendant Witteman is a state official who is not a person subject to suit under § 1983, as the Eleventh Amendment bars suit against him in his official capacity.[47]

### D.   *Rooker-Feldman* Doctrine

To the extent plaintiff is challenging a ruling of the Kansas Courts, this Court cannot review any such ruling, pursuant to the *Rooker-Feldman* doctrine.[48]  Federal trial courts do not have the power to hear what are essentially appeals from a state court decision.  The *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States [trial] court."[49]

---

[46]To the extent plaintiffs assert a claim against Petterson in his individual capacity, plaintiffs have also failed to state a claim with sufficient specificity to overcome defendant's entitlement to a defense of qualified immunity.  Plaintiff has wholly failed to articulate the clearly established constitutional rights that were violated, and the conduct that violated those rights.  *Dill v. City of Edmond*, 155 F.3d 1193,1204 (10th Cir. 1998).  Merely stating that the defendant converted plaintiffs' personal property while plaintiffs appealed the state court decision insufficiently describes the conduct and fails to articulate the affected rights.

[47]*McMillian v. Monroe County, Alabama*, 520 U.S. 781, 785 (1997).  Even if the Eleventh Amendment did not bar plaintiffs' claim against defendant, it would most likely be barred by prosecutorial immunity.  *See DiCesare v. Stuart*, 12 F.3d 973, 977 (10th Cir. 1993) ("A prosecutor is entitled to absolute immunity when his activities are intimately associated with the judicial phase of the criminal process.").

[48]*See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

[49]*Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

Although plaintiffs argue that they are not seeking reversal of Judge Pierron's decision dismissing their appeal, they do claim that the Judge's decision violated various criminal statutes and that his "conspiracies trampled on their rights to due process of law."  Plaintiffs have also moved for a temporary restraining order regarding an assessment related to removal of the tree house, which was the subject of the state court litigation and appeal.  Thus, there is no relief requested by plaintiffs that would not imply the invalidity of that order.

Generally, a federal district court cannot review matters actually decided by a state court, nor can it issue "any declaratory relief that is inextricably intertwined with the state court judgment."[50]  "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[51]  In addition to the statutory appellate-original jurisdiction dichotomy underlying the doctrine, courts have found other policies served by the *Rooker-Feldman* doctrine.[52]  It maintains respect for state courts, provides a measure of finality, and prevents multiple bites at the apple.[53]

Under the *Rooker-Feldman* doctrine, federal district courts:

> [H]ave subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may

---

[50]*Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted).

[51]*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (citation omitted).

[52]*Johnson v. Kansas*, 888 F. Supp. 1073, 1079 (D. Kan. 1995), *aff'd*. 81 F.3d 172 (10th Cir. 1996).

[53]*Id.* at 1079-80.

be had only in [the United States Supreme Court].[54]

Thus, if plaintiffs sought federal review of their state court decision, they should have appealed the denial for rehearing by the Kansas Supreme Court to the United States Supreme Court.

### E.    State Law Claims

Plaintiffs also attempt to plead common law state claims for malicious prosecution, slander and conversion.  Because the Court grants defendants' motions to dismiss on the federal claims, the Court is authorized to decline supplemental jurisdiction over the remaining state law claims.[55]  Whether to exercise supplemental jurisdiction is committed to the court's sound discretion.[56]  28 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity.'"[57]

Upon a pretrial disposition of the federal claims, district courts will generally dismiss the state law claims without prejudice.[58]  This general practice is in keeping with the holdings of the Supreme Court and the Tenth Circuit.[59]  "Notions of comity and federalism demand that a state

---

[54]*Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1108 (10th Cir. 2000) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).

[55]28 U.S.C. § 1367(c)(3).

[56]*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *see Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995).

[57]*City of Chicago*, 522 U.S. at 173 (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)); *see also Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998), *overruled on other grounds by Styskal v. Weld County Commr's*, 365 F.3d 855 (10th Cir. 2004).

[58]*Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (collecting cases); *see also Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1237 (10th Cir. 1997).

[59]*Ball*, 54 F.3d at 669.

court try its own lawsuits, absent compelling reasons to the contrary."[60]

Here, the "compelling reasons" point in favor of state rather than federal court resolution of the state law claims.  Plaintiffs are free to pursue their claims in a Kansas court because even if the statute of limitations would otherwise have run, 28 U.S.C. § 1367(d) tolls the statute of limitations during the time the claim is pending and affords them at least 30 days from a current federal court dismissal to commence a new action in the state court.[61]

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss and Motion for Judgment on the Pleadings (Docs. 10 and 24) are GRANTED;

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Restraining Order (Doc. 19) and Motion for Temporary Restraining Order (Doc. 30) are DENIED as moot.

IT IS SO ORDERED.

Dated this  1st  day of February 2006.

                                         S/ Julie A. Robinson
                                    Julie A. Robinson
                                    United States District Judge

---

[60]*Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

[61]28 U.S.C. § 1367(d).  *Cf. Jinks v. Richland County, S.C.*, 538 U.S. 456, 466–67 (2003) ("no constitutional doubt arises from holding that [a] claim against . . . a political subdivision of a State—falls under the definition of 'any claim asserted under subsection (a).'").  Kansas's "saving statute," K.S.A. §  60-518, affords a plaintiff six months to commence a new action if a previous timely action failed "otherwise than upon the merits."  Examples of such failures include dismissal without prejudice.  *See Rogers v. Williams, Larson, Voss, Strobel & Estes*, 777 P.2d 836, 839 (Kan. 1989).  If applicable, this time frame controls over the 30-day tolling period in 28 U.S.C. § 1367(d).